IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE SEXTON,<br><br>Plaintiff,<br><br>v.<br><br>SMITH TRANSPORTATION WELL SERVICES,<br><br>Defendant. | Case No. 3:23-cv-175<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Dale Sexton, by and through his attorney, David M. Manes, Esq., of Manes & Narahari LLC, and files this Complaint alleging as follows:

### I. Nature of the Action

1. Plaintiff brings this Complaint to recover damages under the Americans with Disabilities Act of 1990 ("The ADA"), 42 U.S.C § 12203 (a) *et seq.,* the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951 *et seq.,* and the Pennsylvania Clean Indoor Air Act ("Clean Indoor Air Act") 35 P.S. § 637.7. Plaintiff alleges that he was forced to resign from

his position after being denied a reasonable accommodation on numerous occasions in violation of the ADA, PHRA, and the Clean Indoor Air Act.

## II. Jurisdiction and Venue

2. This action arises under the ADA, PHRA, and the Clean Indoor Air Act. This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Plaintiff is a resident and citizen of New York, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

5. Plaintiff filed a timely charge with the Equal Employment Opportunity Employment Commission ("EEOC") regarding his allegations under the ADA on December 14, 2022, under charge number 533-2023-00656. *See Exhibit 1*.

6. Plaintiff was mailed Notice of Right to Sue from the ("EEOC") on June 13, 2023. This Complaint has been filed within ninety (90) days of the Plaintiffs receipt, thus making this action timely. *See Exhibit 2*.

## III. Parties

7. Plaintiff, Dale Sexton ("Plaintiff"), is an adult individual with a primary mailing address located at PO Box 291, Clymer, New York 14724.

8. Defendant, Smith Transport Well Services ("Defendant"), is a Pennsylvania business corporation with a regular place of business located at 153 Smith Transport Road, Roaring Spring, Pennsylvania 16673.

## IV. Facts

9. Plaintiff began working for Defendant on or about March 2, 2018.

10. Plaintiff's job duties included driving a tanker truck and loading brine water from oil wells.

11. During Plaintiff's tenure with Defendant, he notified Defendant of his documented disability, a heart defect requiring use of a pace maker to continue living.

12. Defendant had a no smoking policy, which was seldom followed by employees in the company trucks.

13. The trucks smelled so strongly of cigarette smoke that I would leave the vehicle smelling as if I was the one who had been smoking.

14. The smoke exacerbated my heart issues.

15. My pace maker eventually gave out while I was on the job and had to be rushed to the hospital.

16. After seeing my cardiologist, I was instructed not to put stress on my heart.

17. I had to uses a CPAP machine to assist my breathing while I slept.

18. Two weeks after the incident where my pace maker gave out, I began coughing up and spitting out blood.

19. I had to go back to the hospital.

20. My cardiologist wrote a note stating that I needed an accommodation in the form of a smoke free truck.

21. Defendant refused to prove the accommodation.

22. Thomas Cuttingham, a dispatcher for Defendant, told me "Why don't you just die, and we won't have to worry about you anymore."

23. I eventually requested an accommodation in the form of a dispatcher position.

24. Being a dispatcher meant that I would not be in smoke inhibited company trucks.

25. My supervisor told me that I was "too stupid" to be a dispatcher and that he "ran this show."

26. An accommodation with a smoke-free truck wasn't unreasonable as it was company policy to not smoke in the truck and smoking in company vehicles went against the Clean Indoor Air Act.

27. After Defendant refused to follow their own policy and that of the clean Indoor Air Act, being placed in a dispatcher position seemed like a reasonable accommodation. Employees would still be allowed to smoke in the trucks but I wouldn't be forced to endure the stress the smoke placed on my health.

28. After being denied both reasonable accommodation requests, I began to make complaints about the smoking in the company trucks, which was against policy and caused continuing problems for my heart.

29. As a result of my complaints, I was retaliated against by the company.

30. The retaliation resulted in my termination in October of 2022.

## COUNT I
**Failure to Accommodate and Discrimination in Violation of the Americans with Disabilities Act ("ADA") of 1990**

31. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

32. To prevail on a claim of failure to accommodate, one must establish that "(1) the employer knew about the employee's disability; (2) the employee requested accommodations or assistance for his or her disability; (3) the employer did not make a good faith effort to assist the

employee in seeking accommodations; and (4) the employee could have been reasonably accommodated but for the employer's lack of good faith." *Tourtellotte v. Eli Lily & Co.,* 636 F.App'x 831, 849 (3d Cir. 2016) *(internal citations omitted).*

33. It is indisputable that Plaintiff made the employer aware of his disability, as he told Defendant in person and provided a medical note from his cardiologist.

34. Plaintiff also asked Defendant for accommodation multiple times.

35. As stated, Plaintiff asked for a reasonable accommodation in the form of Defendant providing a smoke free truck or a position as a dispatcher.

36. Defendant did not provide any type of accommodation, which forced Plaintiff to have constant exposure to cigarette smoke inside the company vehicles.

37. Plaintiff avers that the accommodations asked for were reasonable and Defendant could have easily accommodated his needs.

38. Plaintiff further avers that he was terminated after making complaints regarding the smoking in company trucks.

39. Plaintiff alleges Defendant's failure to accommodate and his termination were in violation of the Americans with Disabilities Act of 1990.

40. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under federal law to be free from discrimination.

## COUNT II
**Disability Discrimination in Violation of the Pennsylvania Human Relations Act ("PHRA")**

41. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

42. Smith Transport Well Services constitutes an "employer" within the meaning of the PHRA.

43. Mr. Sexton was an employee with a disability within the meaning of the PHRA.

44. Defendant was notified of Plaintiff's disability, his documented heart conditions which required a pacemaker and a CPAP machine.

45. After Plaintiff notified Defendant of his disability, Defendant refused to accommodate his disability

46. Plaintiff exhausted all resources to receive his accommodation internally.

47. As a result of non-compliance with the Americans with Disabilities Act and the Pennsylvania Clean Indoor Air Act, he was terminated.

48. Defendant is in violation of the PHRA for forcing adverse employment action against Plaintiff on the basis of his disability.

49. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under federal law to be free from discrimination.

## COUNT III
### Wrongful Discharge in Violation of the Pennsylvania Clean Indoor Air Act of 2008 ("Clean Indoor Air Act")

50. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

51. Plaintiff requested Defendant provide him with a smoke free company truck, which would comply with the Defendants policy as well as the Pennsylvania Clean Indoor Air Act.

52. The Pennsylvania Clean Indoor Air Act 35 P.S. § 637.7 states "a person may not discharge an employee, refuse to hire an applicant for employment or retaliate against an employee because the individual exercises a right to a smoke-free environment required under this act."

53. Defendant refused to comply with the Clean Indoor Air Act by providing Plaintiff with a smoke free truck.

54. Plaintiff continued to have the smoke interfere with his heart.

55. As a result of non-compliance with the Clean Indoor Air Act, Plaintiff was ultimately terminated.

56. Defendant is in violation of the Clean Indoor Air Act for forcing adverse employment action against Plaintiff on the basis of him exercising his right to a smoke-free environment as required under this Act.

57. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under federal law to be free from discrimination.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff hereby requests that this Court enter judgement in his favor, and against Defendant, and award all damages available at law and in equity, in excess of arbitration limits, including:

   a. Lost wages, compensatory damages, and punitive damages;

   b. Full back pay for all regular hours and overtime hours not appropriately compensated to date;

   c. Liquidated damages under the WPCL;

   d. Pre-judgment and continuing interest;

e.  All costs associated with the litigation, including Plaintiff's reasonable attorney's fees; and

f.  All other such relief that may be deemed just and proper by the Court.

Respectfully Submitted,

/s/ David M. Manes
David M. Manes, Esq.
PA ID: 314661
**Manes & Narahari LLC**
301 Grant Street, suite 270
Pittsburgh, PA 15219
(412) 626-5571 Direct
(412) 650-4845 Fax
dm@manesnarahari.com

## VERIFICATION

      I, Dale Sexton, swear under penalty of perjury under the laws of the United States of America that the facts alleged in the foregoing Complaint are true and correct to the best of my knowledge.

                                                                                             _____

                                                                                             Dale Sexton